UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10648-RGS

WILLIAM NORKUNAS

v.

FIRST SHREWSBURY HOTEL INVESTMENTS, LLC

MEMORANDUM AND ORDER
ON PLAINTIFF'S VERIFIED APPLICATION
FOR ATTORNEYS' FEES, COSTS, AND EXPERT FEES

March 9, 2011

STEARNS, D.J.

In this lawsuit, plaintiff William Norkunas alleged that Days Inn Shrewsbury, a hotel owned by defendant First Shrewsbury Hotel Investments, LLC (First Shrewsbury), was in violation of Title III of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12181-12189. In January of 2011, the parties entered into a Consent Decree under which First Shrewsbury agreed to remediate discriminatory architectural barriers on the premises of the hotel, leaving the determination of attorneys' fees, costs, and expert fees to the court.[1] On January 11, 2011, the court approved the Consent Decree. On January 20, 2011, Norkunas filed a motion for attorneys' fees and costs, seeking an award of $37,273.71. First Shrewsbury filed on opposition to the fee request,

---

[1] Title III allows only equitable remedies. *See Dudley v. Hannaford Bros.*, 333 F.3d 299, 304 (1st Cir. 2003).

challenging the request both in kind and in degree. Norkunas submitted a reply, seeking an additional $1,317.50 in fees (the cost of preparing the reply) for a total of $38,591.21.

DISCUSSION

A prevailing plaintiff in an action under the ADA is entitled to recover reasonable attorneys' fees, expenses, and costs. 42 U.S.C. § 12205. Although fees are not awarded absent an adjudication on the merits, a consent decree "may serve as the basis for an award of attorney's fees[,]" *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Res.*, 532 U.S. 598, 603, 604 (2001), as it can create the "'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.*, quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-793 (1989). Reasonable fees are calculated by "determining the number of hours productively spent on the litigation and multiplying those hours by reasonable hourly rates." *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 305 (1st Cir. 1995). The fee request authorization is not, however, a carte blanche. "[T]he absence of detailed contemporaneous time records . . . will call for a substantial reduction in any award or, in egregious cases, disallowance." *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984).

In this instance, Norkunas seeks reimbursement for 62.6 billable hours at an

2

hourly rate of $425 for his trial counsel, Lawrence Fuller, for a total of $26,605.00. Fuller practices law with Fuller, Fuller & Associates, P.A. in North Miami, Florida. He has 36 years of experience at the bar, a substantial portion of it spent litigating ADA cases. Norkunas also seeks reimbursement at an hourly rate of $315 for his local counsel, George Skogstrom, for 10.45 hours, totaling $3,291.75. Skogstrom practices at Schlossberg, LLC in Braintree, Massachusetts, and has 22 years experience as a lawyer.

The focus in awarding a fee is not on the four corners of the bill itself, but on such factors as "'the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.'" *Berman v. Linnane*, 434, Mass. 301, 303 (2001), quoting *Linthicum v. Archambault*, 379 Mass. 381, 388-389 (1979), abrogated on other grounds by *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 418 Mass. 737 (1994). The court is not required to allow or disallow each item of a submitted bill, but may consider the bill as a whole. *Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 431 (2005) (stressing the obligation to submit precise details as to the hours spent and the nature of the work performed).

Considering these factors and the court's experience with fee awards in similar

3

cases, as well as his background and experience, I consider an hourly rate of $350 reasonable compensation for the services of Attorney Fuller. Therefore, he will be awarded $21,910.00 in fees. The court agrees with First Shrewsbury that the fee request for local counsel, whose role was very limited, should be reduced by approximately one-half. The court determines that a $275 hourly rate for six hours of billable time is reasonable compensation for Attorney George Skogstrom's services. Therefore, he will be awarded $1,650.00 in fees.

With respect to expenses, the court would ordinarily award reimbursement for hotel and airfare to Attorney Fuller (although the court does not reimburse meals and incidental expenses like tips) for the trip from Miami to Boston. Here, however, because the expense request is completely undocumented (there are no supporting receipts), the request for $1,000.00 in generic travel expenses is disallowed. The balance of the requested expenses, including expert fees, is reasonably well documented and will be allowed.

ORDER

For the foregoing reasons, plaintiff's Verified Application For Attorneys' Fees, Costs, and Expert Fees is <u>GRANTED</u> in part. The court awards fees to Fuller, Fuller & Associates, P.A., in the amount of $21,910.00, and awards fees to Schlossberg, LLC, in the amount of $1,650.00. The court awards costs to Fuller, Fuller & Associates,

P.A., in the amount of $1,614.46 (including paralegal costs), and to Schlossberg, LLC, in the amount of $137.00. The court further awards expert fees in the requested amount of $6,080.00, for a total award of $31,391.46.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE